Harold Tessler, J.
This is an application by the defendant to stay all proceedings on the part of the plaintiffs, including further proceedings by the plaintiffs on their motion to amend the complaint, until such time as the plaintiffs shall pay the costs and disbursements heretofore directed to be paid by an order of the Appellate Division of the Supreme Court, Second Department (16 A D 2d 825).
The defendant, in support of the motion, contends that heretofore an order of this court, dated January 24, 1962, denied the defendant’s motion to strike the instant action from the calendar *965 on the ground that the note of issue and statement of readiness filed by the plaintiffs was materially altered and in conflict with the note of issue and statement of readiness served upon defendant’s attorney and that the case was not ready for trial, and granted the defendant’s motion to dismiss the complaint unless the plaintiffs submit to an examination before trial on a day certain. He further contends that he appealed from the aforementioned order to the Appellate Division, Second Department which, by an order of that court dated May 28, 1962, modified the lower court’s order to the extent that the motion to strike the action from the calendar was granted and that the examination of the plaintiffs was to proceed on 10 days’ written notice or on a date to be mutually fixed by the parties, and in addition granted the defendant $10 costs and disbursements. It is also contended that a bill of costs was taxed in the sum of $338.01 pursuant to the afore-mentioned order of the Appellate Division, and that such costs to date have not been paid; thus, all proceedings on the part of the plaintiffs should be stayed until the payment of said costs.
The plaintiffs, in opposition, contend that subsequent to the Appellate Division order awarding costs, and without seeking to enforce whatever rights or remedies might be available, the defendant took affirmative action to propel this action forward, to wit, on July 27,1962, the attorney for the defendant, pursuant to the afore-mentioned order of the Appellate Division, set down the examinations before trial of the plaintiffs for August 16, 1962; that by taking this affirmative action the defendant waived his right to stay the plaintiffs.
While it is true that a party may waive a stay which is warranted, pursuant to section 1520 of the Civil Practice Act, by taking affirmative steps in an action after the granting of an order awarding costs, the court is of the opinion that the defendant by examining the plaintiffs before trial, pursuant to the order involved herein, which awarded the costs, is not an affirmative step resulting in a waiver. The defendant’s action was necessary to fully realize all the defendant’s rights determined by the court, as embodied in the afore-mentioned order, and was merely the last act in the affirmative step taken, to wit, moving to examine the plaintiffs prior to the awarding of costs and was not an independent affirmative step. If it were otherwise, a party would be in the unfortunate position of having his rights declared without the ability to take advantage of such declaration, unless one of the remedies, by which the payment of costs could be enforced, was waived. Accordingly, the motion is granted.